UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN O'KEEFE, | Case No. 2:12-cv-01388-MMD-CWH |
| Petitioner, | ORDER |
| v. | |
| DOUG GILLESPIE, *et al.*, | |
| Respondents. | |

    This habeas matter is before the Court on Petitioner Brian O'Keefe's motion for relief from judgment (ECF No. 9), request for electronic service of two docket entries (ECF No. 12), and motion for appointment of counsel (ECF No. 13).

    On August 3, 2012, O'Keefe submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1-1.) In lieu of an application to proceed *in forma pauperis*, O'Keefe submitted a motion with an attached order from the Ninth Circuit stating that O'Keefe had been granted leave to proceed *in forma pauperis* in another case on appeal. (ECF No. 1.) On October 11, 2012, the Court instructed O'Keefe that he needed to properly initiate the instant action by moving for leave to proceed *in forma pauperis* or pay the filing fee "[e]ven if he ha[d] been granted pauper status in another case." (ECF No. 3.) The Court ordered O'Keefe to comply within 30 days, warning O'Keefe that failure to comply may result in dismissal of this action. (*Id.*)

    The Court's October 11, 2012 order was mailed to O'Keefe and it was returned as undeliverable. (ECF No. 4.) The docket reflects that the order was not remailed because there was no other address available for O'Keefe. On November 13, 2012, the Court dismissed O'Keefe's petition without prejudice based on his failure to keep the Court apprised of his current address. (ECF No. 5.) Judgment was entered. (ECF No. 6.) On

November 27, 2012, O'Keefe filed a notice of change of address. (ECF No. 8.) The docket reflects that the Clerk's Office mailed a copy of the dismissal order and the judgment to O'Keefe's updated address on November 28, 2012. (ECF Nos. 5, 6.) O'Keefe now moves for relief from the judgment under Fed. R. Civ. P. 60(b). (ECF No. 9.) He argues the Court's procedural ruling was defective because (1) he did not receive the October 11, 2012 order, and (2) he filed a notice of change of address. (*Id.* at 1-4.)

Under Federal Rules of Civil Procedure 60(b), the Court may relieve a party from a final judgment or order for the following limited reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A Rule 60(b) motion is proper when it 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Motions for relief pursuant to "Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Although O'Keefe attacks an alleged defect in the integrity of his habeas proceedings, his motion for relief from judgment was not made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1). The Court dismissed O'Keefe's petition and judgment was entered on November 13, 2012. (ECF Nos. 5, 6.) O'Keefe did not move for relief from judgment until June 22, 2022—9 years, 7 months, and 10 days later. Furthermore, O'Keefe gives no explanation for this delay. Indeed, after O'Keefe filed his notice of change of address, the Clerk's Office promptly remailed a copy of the dismissal order, which referenced the October 11, 2012 order, and the judgment to O'Keefe's updated address on November 28, 2012. As such, the grounds for O'Keefe's current motion were known and available to O'Keefe in 2012. The Court therefore finds that O'Keefe's motion

for relief from judgment has not been made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1).

Moreover, the Court's procedural ruling was not defective as O'Keefe claims. At the time O'Keefe filed his petition on August 3, 2012, he was located at the Clark County Detention Center. (ECF No. 1-1.) This Court received returned mail from O'Keefe on October 18, 2012, and November 19, 2012. (*See* ECF Nos. 4, 7.) However, O'Keefe did not file a notice of change of address until November 27, 2012. (ECF No. 8.) As set forth in the Local Rules, LR IA 3-1 states that a "pro se party must immediately file with the court written notification of any change of mailing address," and "[f]ailure to comply with this rule may result in the dismissal of the action." Based on LR IA 3-1, the Court's order dismissing O'Keefe's petition without prejudice for failing to keep the Court apprised of his address was not defective.

Because O'Keefe's motion for relief from judgment is denied, his motion for appointment of counsel is also denied as moot. However, the Court finds good cause to grant O'Keefe's request for copies of docket entries.

It is therefore ordered that Petitioner Brian O'Keefe's motion for relief from judgment (ECF No. 9) is denied.

It is further ordered that O'Keefe's motion for appointment of counsel (ECF No. 13) is denied as moot.

The Clerk of Court is directed to send O'Keefe a copy of his motion for leave to proceed *in forma pauperis* (ECF No. 1) and the order instructing O'Keefe to file a new motion (ECF No. 3).

It is further ordered that, because reasonable jurists would not find this decision to be debatable or wrong, a certificate of appealability is denied.

DATED THIS 11th Day of July 2022.

_____
MIRANDA M. DU,
CHIEF UNITED STATES DISTRICT JUDGE

3